IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DAVID THERRIEN,                           :
        Plaintiff                        :
                                          :
        v.                                :
                                          :
FALCOR AUTO SALES, INC.,                  :
JONATHAN C. STEARNS,                      :
JOHN DOE 1 aka "MATT",                    :
JOHN DOE 2 aka "CIRO",                    :
JOHN DOE 3 aka "RAY",                     :
        Defendants                       :   Demand for Jury Trial

Complaint

## Jurisdiction

1. Jurisdiction of this Court attains pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. s. 1640(e), and the law of supplemental jurisdiction.

## Parties

2. David Therrien is a natural person who resides in Feeding Hills, Massachusetts.

3. Mr. Therrien is physically disabled and is the sole caretaker of his three children.

### Falcor Auto Sales, Inc.

4. Defendant Falcor Auto Sales, Inc. ("Falcor"), is a Massachusetts corporation located in Agawam.

5. Defendant Falcor is in the business of selling vehicles to the public.

6. Defendant Falcor is engaged in "trade" and "commerce" as defined by Massachusetts Consumer Protection Act ("Chapter 93A"), M.G.L. s. 93A:1(b).

7. Defendant Falcor is a "creditor" as defined by TILA section 1602(f).

8. At all times during their activities concerning Mr. Therrien, Defendant Falcor's agents and employees were acting under the supervision and direction of Defendant Falcor.

9. Defendant Falcor is liable under the doctrine of *respondeat superior* for the activities of its employees and agents.

Jonathan C. Stearns

10. Defendant Jonathan C. Stearns is an officer and employee of Defendant Falcor.

11. Defendant Stearns is in the business of selling vehicles to the public.

12. Defendant Stearns is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

13. Defendant Stearns knew of, participated in, and ratified the illegal actions and omissions of Defendant Falcor as specified below, including but not limited to those directly related to the transaction with Mr. Therrien.

John Doe 1 aka "Matt"

14. Defendant John Doe 1, also known as "Matt", is an employee of Defendant Falcor.

15. Defendant "Matt" is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

16. Defendant "Matt" knew of, participated in, and ratified the illegal actions and omissions of Defendant Falcor as specified below, including but not limited to those directly related to the transaction with Mr. Therrien.

John Doe 2 aka "Ciro"

17. Defendant John Doe 2, also known as "Ciro", is an employee of Defendant Falcor.

18. Defendant "Ciro" is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

19. Defendant "Ciro" knew of, participated in, and ratified the illegal actions and omissions of Defendant Falcor as specified below, including but not limited to those directly related to the transaction with Mr. Therrien.

John Doe 3 aka "Matt"

20. Defendant John Doe 3, also known as "Ray", is an employee of Defendant Falcor.

21. Defendant "Ray" is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

22. Defendant "Ray" knew of, participated in, and ratified the illegal actions and omissions of Defendant Falcor as specified below, including but not limited to those directly related to

the transaction with Mr. Therrien.

## Facts and Allegations

23. On September 26, 2003, Mr. Therrien purchased from Defendants a 1995 Dodge Intrepid showing approximately 143,833 miles on the odometer.

24. Before purchasing the car, Mr. Therrien told Defendants that he needed dependable transportation.

25. Defendants told Mr. Therrien that the car was guaranteed, that if any major problem occurred within the first thirty to sixty days, Defendants would fix the problem, and that the car would last at least a year.

26. Mr. Therrien relied on these representations when deciding to buy the car.

27. Defendants knew or should have known that the car was mechanically unsound: practically all of its fluids were leaking, causing a tell-tale burning smell, and the front right tie rod was broken.

28. Mr. Therrien purchased the car for a total of $3000, with $500 down and $50 to be paid per week for fifty weeks to Defendant Falcor.

29. This purchase was a consumer transaction as defined by TILA section 1602(h) in that the car was for personal, family, and household use.

30. According to a sign on the car, if Mr. Therrien had paid in cash, as opposed to financing by Defendant Falcor, the car would have cost less.

31. The difference between the cash price and the financed price is a finance charge.

32. When Mr. Therrien took delivery on or about October 1, 2003, he noticed a strong burning odor, but was told by Defendants not to worry because everything was guaranteed.

33. On or about October 3, the car started smoking. In addition, the brakes were not working.

34. Mr. Therrien returned the car to Defendants, who installed new brakes and told Mr. Therrien that the smoking was caused by a bit of rubber hitting the radiator.

35. Mr. Therrien had the car inspected as required by the Commonwealth on October 7. The car failed the inspection because of the broken right front tie rod.

36. The car was repaired at a third party in West Springfield at the expense of Defendant Falcor.

37. The car passed Massachusetts inspection on October 10, 2003, though the inspector stated that the front end was loose.

38. On or about October 24, 2003, during a trip to get medications for Mr. Therrien's son, the automatic transmission failed, working only in first gear.

39. Mr. Therrien called Defendants and talked with Defendant Ray, who stated that Defendant Falcor was not liable for any defects.

40. Nevertheless, Defendants allowed Mr. Therrien to bring the

car in to Defendant Falcor, where Defendant Ciro changed the transmission fluid.

41. Mr. Therrien returned the next day to talk with someone about having the defective transmission repaired, which was still not working correctly, or returning the car.

42. Defendant Ciro stated that Defendants were not responsible for repairs and would not take the car back.

43. Defendant Ciro purportedly went to talk with Defendant Matt, who stated that Defendants would not be liable for the transmission.

44. Mr. Therrien received one verbal and one written estimate for repair of the transmission: ATW Transmission estimated $1399.91 for repairs and AAA Transmission estimated $995 + $135 for parts as needed.

45. When the car became fully undrivable, Mr. Therrien had the transmission repaired.

46. A true and accurate copy of the repair bills are attached.

47. As a consequence of Defendants' illegal activities and communications, Mr. Therrien has suffered economic loss, loss of self esteem and peace of mind, and has suffered emotional and physical distress, humiliation and embarrassment.

## Count I
### TILA

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. Defendants failed to make the disclosures required by TILA sections 1631, 1632 & 1638.

50. Pursuant to TILA section 1640 and the Declaratory Relief Act, Plaintiff is entitled to declaratory relief, to actual damages, and twice the amount of the finance charge, as well as reasonable attorney's fees and costs.

### Count II
### Lemon Law

51. The previous paragraphs are incorporated into this Count as if set forth in full.

52. Defendants failed to provide the notice of warranty as required by M.G.L. ch. 90 s. 7N 1/4.

53. Defendants' failure to provide the notice of warranty causes the warranty to be effective, even though the car was beyond the statutory maximum mileage.

54. After at least three attempts and/or ten days out of service, Defendants failed to repair major defects in the used car sold to Mr. Therrien.

55. Pursuant to M.G.L. ch. 90 s. 7N 1/4, Plaintiff is entitled to a rescission of the transaction, return of all out of pocket payments, including but not limited to the sale price of the car, return of all registration and title fees, refund of all taxes, pro-rata payments for car insurance, and payments for out of pocket expenses, including repairs.

56. Plaintiff is also entitled to distress damages to be awarded within the sound discretion of a trier of fact as well as reasonable attorney fees, expenses, and costs.

## Count III
### Chapter 93A

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The acts and omissions of Defendant constitute violations of Chapter 93A:2.

59. The violations of other laws calculated to protect consumers, such as breach of TILA, used car lemon law, and implied or express warranties, constitute violations of Chapter 93A:2.

60. Pursuant to Chapter 93A:9, demand was made upon Defendants at least thirty days prior to litigation.

61. Pursuant to Chapter 93A:9, Plaintiff is entitled to actual damages, to declaratory relief, to an injunction prohibiting Defendants from the acts and practices that violate state law, and treble damages, as well as reasonable attorney's fees and costs.

## Count V
### Express Warranties

62. The previous paragraphs are incorporated into this Count as if set forth in full.

63. Defendants breached express warranties by failing or refusing to fix problems with the car.

64. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count VI
### Implied Warranties

65. The previous paragraphs are incorporated into this Count as if set forth in full.

66. Defendant breached implied warranty of merchantability under M.G.L. ch. 106 s. 2-314 and implied warranty of fitness for a particular purpose under M.G.L. ch. 106 s. 2-315 by selling a defective car.

67. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count VII
### Fraud

68. The previous paragraphs are incorporated into this Count as if set forth in full.

69. Defendants' actions and omissions, as stated above, upon which Mr. Therrien relied to his detriment, constitute common law fraud.

70. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count VIII
### Negligence

71. The previous paragraphs are incorporated into this Count as if set forth in full.

72. The acts and omissions of Defendants constitute negligence that directly and proximately caused harm to Mr. Therrien.

73. Plaintiff is entitled to actual damages to be awarded

within the sound discretion of a jury.

## Prayer

**WHEREFORE**, Plaintiff prays that the Court grants the following:
1. Actual damages, trebled under state law.
2. Statutory damages.
3. Rescission of the transaction and return of all monies to Plaintiff.
4. A declaration under state law concerning the illegality of Defendants' acts and practices.
5. An injunction prohibiting Defendants from violating state law.
6. Reasonable attorney's fees, expenses, and costs.
7. Such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial on all issues raised in or related to the complaint.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

| QTY | CD | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 1 | N | Master OVK | 299.00 |
| 1 | N | Torque Converter | 199.00 |
| 1 | N | Filter | N/C |
| 10 | QTS | S- ATF/Flush | N/C |
| 1 | N | Band | N/C |
| 1 | N | Water Pump | 99.91 |
| 1 | N | Timing Belt | 90.00 |
| 1 | N | Tensioner | 121.00 |
| 1 | N | A/C compressor belt | 30.00 |

pd $86.00 toward rental
of Olds rental Alan v/a
Avis travel (Matt)
r'td. 145
st'd m/z.

**TOTAL PARTS** 838.91

### AUTHORIZATION
NAME _____
AUTHORIZATION NO. _____
TIME ___ TEL. ___ BY ___

PARTS/LABOR / SERVICE
$ 1515.00  12/3/03  1/1/68

TEL. ESTIMATE FOR AUTHORIZATION ADDITIONS
NAME _____
TIME ___ TEL. ___ BY ___

PARTS/LABOR / SERVICE
$995 ourp B. (+) add no labor on ft
K DT   End (C)

## AAA TRANSMISSION CENTER, INC.
- Ultimate in Transmissions -
26 Elizabeth Street
W. Springfield, MA 01089
(413) 734-5683

15277

NAME  Dave Therrien
ADDRESS  2 Gay Place
CITY  Feeding Hills Ma 01030

| DATE | VEHICLE IDENTIFICATION NO. | BY |
|---|---|---|
| 12 1 03 | 2B3HD46F35#639063 | DL |
| PHONE | YEAR | MAKE | MILEAGE | LICENSE NO. |
| 789 2102 | 1995 | Dodge Intrepid | | |

**INSTRUCTIONS**
- radiator cap needs to be replaced.

**SERVICE TRANSMISSION ANNUALLY OR EVERY 12,000 MILES!**

| TIME | REPAIR ORDER DESCRIPTION OF WORK | LABOR |
|---|---|---|
| 3.98 | Remove and reinstall TRans. | 199.00 |
| 4.98 | Rebuild Transmission | 299.00 |
| 3.40 | R & R Water Pump | 170.00 |
| 2.40 | R & R Timing belt | 0.00 |
| 1.0 | R & R Tensioner | 0.00 |

pd cash 12/5/03

HOURS  X$  PER HR.

**TOTAL LABOR** 668.00

ALL WARRANTY WORK MUST BE RETURNED TO AAA TRANSMISSION CENTER AT OWNERS EXPENSE

I hereby authorize the above repair work to be done along with the necessary materials. You and your employees may operate above vehicle for purposes of testing, inspection or delivery at my risk. An express mechanic's lien is acknowledged on above vehicle to secure the amount of repairs thereto. It is also understood that AAA Transmission Center will not be held responsible for damage to vehicle or articles in or on vehicle in case of fire, theft or any cause beyond the company's control, relative to any vehicle left with AAA Transmission Center for storage, sale, repair or while road testing.

Signed _____

| TOTAL LABOR | 668.00 |
|---|---|
| TOTAL PARTS | 838.91 |
|  | 1506.91 |
| TAX | 41.35 |
| **PAY THIS AMOUNT** | 1548.36 |

| QTY | CD | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 1 | N | Tensioner Pulley | 108.99 |
| 1 | N | Serpentine Belt | 15.00 |
| 1 | N | A/C Compressor Belt | N/C |
| 6 | N | Spark Plugs RC12LYC | N/C |
| 1 | N | Timing Belt | 90.00 |
| 1 | N | radiator cap | P/C |

**TOTAL PARTS** 213.99

### AAA TRANSMISSION CENTER, INC.
*- Ultimate in Transmissions -*
26 Elizabeth Street
W. Springfield, MA 01089
(413) 734-5683

15283

NAME: David Therrian
ADDRESS: 2 Gary Place
CITY: Feeding Hills, MA 01030

| DATE | VEHICLE IDENTIFICATION NO. | EY |
|---|---|---|
| 120803 | 2B3HD46F34639063 | TL |

| PHONE | YEAR | MAKE | MILEAGE | LICENSE NO |
|---|---|---|---|---|
| 7892102 | 1995 | Dodge Intrepid | 147283 | 50ZY18 |

**INSTRUCTIONS**
**Change the ~~radiator cap~~ as well as have the Cat. Converter looked at.

**SERVICE TRANSMISSION ANNUALLY OR EVERY 12,000 MILES!**

| TIME | REPAIR ORDER | DESCRIPTION OF WORK | LABOR |
|---|---|---|---|
| | | Reinstall Belts | N/C |
| | | Remove and Reinstall Tensioner P. | N/C |
| | | Tow service | 35.00 |

pd cash $140.00 12/9/03 ⓣ
rem balancing: $84.69 ⓣ

HOURS   X$   PER HR.   N/C
**TOTAL LABOR** 35.00

TOTAL LABOR   35.00
TOTAL PARTS   213.99
~~249.99~~
TAX   10.70
**PAY THIS AMOUNT**   ~~250.99~~

224.69

AUTHORIZATION
NAME
AUTHORIZATION NO.
TIME   TEL.   BY
PARTS/LABOR $   SERVICE

TEL. ESTIMATE FOR AUTHORIZATION ADDITIONS
NAME
TIME   TEL.   BY
PARTS/LABOR $   SERVICE

ALL WARRANTY WORK MUST BE RETURNED TO AAA TRANSMISSION CENTER AT OWNERS EXPENSE

I hereby authorize the above repair work to be done along with the necessary materials. You and your employees may operate above vehicle for purposes of testing, inspection or delivery at my risk. An express mechanic's lien is acknowledged on above vehicle to secure the amount of repairs thereto. It is also understood that AAA Transmission Center will not be held responsible for damage to vehicle or articles in or on vehicle in case of fire, theft or any cause beyond the company's control; relative to any vehicle left with AAA Transmission Center for storage, sale, repair or while road-testing.
Signed