IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

David Therrien,
    Plaintiff:

V.

Falcor Auto Sales, Inc.
Jonathan C. Stearns,
John Doe 1 aka "Matt,"
John Doe 2 aka "Ciro",
John Doe 3 aka "Ray",
    Defendants

CA-03-30304

ANSWERS AND

COUNTERCLAIM

Demand for Jury Trial

## ANSWER

1. The defendants admits

2. The defendants admits

3. The defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation.

4. The defendants admits

5. The defendants admits

6. The defendants admits

7. The defendants admits

8. The defendants denies the allegations in Par. 8

9. The defendants denies

10. The defendants admit that Jonathan C. Stearns is an officer. The defendants denies that he is an employee

11. The defendants denies

12. The defendants denies

13. The defendants denies the allegations in Par. 13

14. The defendants admits

15. The defendants denies

16. The defendants denies the allegations in Par. 16

17. The defendants denies

18. The defendants denies

19. The defendants denies the allegations in Par. 19

20. The defendants admits

21. The defendants denies

22. The defendants denies the allegations in Par. 22

23. The defendants admits

24. The defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation

25. The defendants denies the allegations in Par. 25

26. The defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 26 and therefore denies them.

27. The defendants deny the allegations in Par. 27.

28. The defendants admits

29. The defendants are without sufficient knowledge or information to form a belief as to the truth of this allegation

30. The defendants deny the Allegations in Par. 30.

31. The defendants denies

32. The defendants denies

33. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 33 and therefore denies them.

34. The defendants admit to installing new breaks. The defendants denies the remaining allegations of Par. 34

35. The defendants admit that the Plaintiff had the car inspected on October 7th 2003. Denies the remaining Statements in Par. 35

36. The defendants admits

37. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 37 and therefore denies them.

38. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 38 and therefore denies them.

39. The defendants admits

40. The defendant admits to the first part of Par. 40. Denies that "Ciro" changed the transmission fluid.

41. The defendants admits

42. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 42 and therefore denies them.

43. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 43 and therefore denies them.

44. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 44 and therefore denies them.

45. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 45 and therefore denies them.

46. The defendants admits

47. The defendants denies the Allegations in Par. 47

48. The defendants incorporates its previous responses as if fully set forth

49. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 49 and therefore denies them.

50. The defendants state that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 50 and therefore denies them.

51. The defendants incorporates its previous responses as if fully set forth

52. The defendants denies

53. The defendants denies

54. The defendants denies

55. The defendants denies

56. The defendants denies

57. The defendants incorporates its previous responses as if fully set forth.

58. The defendants denies

59. The defendants denies

60. The defendants states that he is without knowledge or information sufficient to form a belief as to the truth of the statements in Par. 60 and therefore denies them

61. The defendant denies

62. The defendant incorporates its previous responses as if fully set forth.

63. The defendant denies

64. The defendant denies

65. The defendants incorporates its previous responses as if fully set forth.

66. The defendants denies

67. The defendants denies

68. The defendants incorporates its previous responses as if fully set forth.

69. The defendants denies

70. The defendants denies

71. The defendants incorporates its previous responses as if fully set forth.

72. The defendants denies

73. The defendants denies

## Affirmative Responses

74. The Complaint fails to state a claim upon which relief can be granted.

75. This Court lacks jurisdiction as Plaintiff seeks equitable relief and jurisdiction on certain matters, and venue is properly vested in the courts of The Commonwealth of Massachusetts, on certain matters.

76. This Defendant affirmatively alleges that, inasmuch as the Plaintiff prays for punitive damages, an award of such damages should be denied for the reason that such an award violates the due process requirements of the Fourteenth Amendment and/or Fifth Amendment of the Constitution of the United States of America

77. Plaintiffs' claims, or parts thereof, are barred by the doctrine of waiver and estoppels.

78. Plaintiffs' claims, or parts thereof, are barred by the doctrine of accord and satisfaction.

79. The facts not having been fully developed, Defendant further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res ludicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

80. The incident, which is the subject of this lawsuit allegedly, occurred at Falcor Auto Sales, Inc. And the only parties to the transaction are Therrien and Falcor Auto Sales, Inc. Therefore, the named Defendant should only be Falcor Auto Sales, Inc. wherefore the only named defendant should be Falcor Auto Sales, Inc. and all other defendants should be dismissed.

81. The Plaintiff claims, or parts thereof have Insufficiency and defect of service.

82. Defendant does not knowingly or intentionally waive any affirmative defenses. If facts should come to light giving rise to affirmative defenses, then Defendant will seek leave of this Court to amend its answer accordingly

Wherefore, The defendants' request that the court dismisses the plaintiff's complaint and awards the defendants their costs, together with such other relief as the court finds just and equitable.

### Counterclaim of Falcor Auto Sales, Inc.

83. Mr. David Therrien entered into a Promissory note with Falcor Auto Sales, Inc. dated 9/26/03.

84. Plaintiff Therrien agreed to pay the Defendant $2500.00

85. Plaintiff Therrien agreed to make 50 weekly payments of $50.00

86. Plaintiff Therrien agreed to commence payments 10/6/03

87. To date the Defendant Falcor Auto Sales, Inc. has received only 1 payment of $50.00

88. The Promissory Note is further collateralized by way of Security Agreement dated 9/26/03.

89. As part of the Security Agreement the 1995 Dodge Intrepid is designated as Collateral.

90. The plaintiff continues to have use of the 1995 Dodge Intrepid.

91. The defendant, Falcor Auto Sales, Inc. is owed a balance of $2450.00 from the Plaintiff, Therrien.

### Prayer

Wherefore, The defendants prays that the court grants the following:

1. Dismisses all claims of the Plaintiff, Therrien. Against the defendants.

2. Upholds the transaction between the parties.

3. Grants the Defendant a Counterclaim

4. Orders the Plaintiff, Therrien to pay outstanding debt of $2450.00

5. Award the defendants their costs, together with such other relief the court finds just and equitable. Including Attorney Fees.

### Demand for Jury Trial

Under Fed. R. Civ. P. 38(b) the defendants demand jury trial of all issues raised by the plaintiff's complaint and the defendant Falcor Auto Sales, Inc. counterclaim.

Respectfully Submitted,

Jonathan C. Stearns
373 Springfield St.
Agawam, MA 01001
1-413-789-7407

### Certification

I, Jonathan C Stearns, hereby do certify that I have served a true copy of the above answers and counterclaim upon the Plaintiffs Attorney, Jason David Fregeau, 47 Lincoln Road, Longmeadow, MA 01106

Attested:

Dated: 10th day of February 2004

Jonathan C. Stearns
373 Springfield St.
Agawam, MA 01001
1-413-789-7407