

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CA-03-30304-MAP



DAVID THERRIEN,
    Plaintiff,

    vs.

FALCOR AUTO SALES, INC.,
JONATHAN C. STEARNS,
JOHN DOE 1 aka "MATT",
JOHN DOE 2 aka "CIRO",
JOHN DOE 3 aka "RAY",
    Defendants.

## ANSWER AND COUNTERCLAIM OF DEFENDANT FALCOR AUTO SALES, INC.

The Defendant Falcor Auto Sales Inc. (hereinafter "Falcor") answers the complaint of the Plaintiff as follows:

### FIRST DEFENSE: JURISDICTION

1.    The Defendant Falcor Auto Sales, Inc. (hereinafter "Falcor") admits that this Court has jurisdiction of so much of this claim as arises out of the Truth in Lending Act, to the extent that the act applies to the Defendant, but denies that this Court has supplemental jurisdiction over the claims under Massachusetts state law which the Plaintiff has asserted herein.

### SECOND DEFENSE: AS TO PLAINTIFF'S ALLEGATIONS:

#### PARTIES

2.    The Defendant Falcor admits the allegations of paragraph 2.

3.    The Defendant Falcor lacks sufficient knowledge to admit or deny the allegations of paragraph 3 of the Plaintiff's complaint but states that the Plaintiff represented that he

Page 1

was gainfully employed as a foreman for CT Steam Cleaning at the time that he purchased the motor vehicle.

### Falcor Auto Sales, Inc.

4.  The Defendant Falcor admits the allegations of paragraph 4.

5.  The Defendant Falcor admits the allegations of paragraph 5.

6.  The Defendant Falcor neither admits nor denies the allegations of paragraph 6 which calls for a legal conclusion, and leaves the Plaintiff to his proof. The Defendant Falcor is a dealer of automobiles.

7.  The Defendant Falcor neither admits nor denies the allegations of paragraph 7 which calls for a legal conclusion, and leaves the Plaintiff to his proof.

8.  The Defendant Falcor admits that its agents were authorized to act on its behalf in selling a motor vehicle to the Plaintiff.

9.  The Defendant Falcor neither admits nor denies the allegations of paragraph 9 which calls for a legal conclusion, and leaves the Plaintiff to his proof.

### Jonathan C. Stearns

10. The Defendant Falcor admits that Jonathan C. Stearns is an officer of the corporation but denies that he is an employee of the Defendant Falcor..

11. The Defendant Falcor denies the allegations of paragraph 11.

12. The Defendant Falcor denies the allegations of paragraph 12.

13. The Defendant Falcor denies that Jonathan C. Stearns participated in or knew of the transaction with the Plaintiff until after receipt of the letter from Plaintiff's counsel and the Plaintiff's complaint.

### John Doe 1 aka "Matt"

14. The Defendant Falcor admits the allegations of paragraph 14.

15.    The Defendant Falcor denies the allegations of paragraph 15.

16.    The Defendant Falcor admits that "Matt" participated in the transactionwith the Plaintiff but states that his actions were undertaken on behalf of the Defendant Falcor.

John Doe 2 aka "Ciro"

17.    The Defendant Falcor denies the allegations of paragraph 17.

18.    The Defendant Falcor denies the allegations of paragraph 18.

19.    The Defendant Falcor denies the allegations of paragraph 19.

John Doe 3 aka "Matt" (sic)

20.    The Defendant Falcor admits the allegations of paragraph 20.

21.    The Defendant Falcor denies the allegations of paragraph 21.

22.    The Defendant Falcor admits that "Ray" participated in some of the transactions with the Plaintiff but states that his actions were on behalf of the Defendant Falcor.

FACTS AND ALLEGATIONS

23.    The Defendant Falcor admits the allegations of paragraph 23.

24.    The Defendant Falcor denies the allegations of paragraph 24.

25.    The Defendant Falcor denies the allegations of paragraph 25.

26.    The Defendant Falcor denies the allegations of paragraph 26.

27.    The Defendant Falcor denies the allegations of paragraph 27.

28.    The Defendant Falcor admits the allegations of paragraph 28.

29.    The Defendant Falcor neither admits nor denies the allegations of paragraph 29 which calls for a legal conclusion, and leaves the Plaintiff to his proof.

30.    The Defendant Falcor denies the allegations of paragraph 30.

31.    The Defendant Falcor neither admits nor denies the allegations of paragraph 31 which calls for a legal conclusion, and leaves the Plaintiff to his proof.

32.    The Defendant Falcor denies the allegations of paragraph 32.

33.    The Defendant Falcor is without knowledge of the allegations of paragraph 33 and therefore leaves the Plaintiff to his proof.

34.    The Defendant Falcor admits that it caused new brakes to be installed in the Plaintiff's vehicle. The Defendant denies the remainder of the allegations of paragraph 34.

35.    The Defendant Falcor admits that the car failed inspection on October 7, 2003, but denies that the failure was due to a broken right front tie rod.

36.    The Defendant Falcor admits the allegations of paragraph 36.

37.    The Defendant Falcor admits that the car passed inspection on October 10, 2003.

38.    The Defendant Falcor is without knowledge of the allegations of paragraph 38 and therefore leaves the Plaintiff to his proof.

39.    The Defendant Falcor admits that the Plaintiff communicated with the dealership and was told that the dealership was not liable for transmission problems which occurred after the warranty expired.

40.    The Defendant Falcor admits that it caused the transmission fluid to be changed for the Plaintiff at no charge, but denies that the work was performed by Ciro.

41.    The Defendant Falcor admits the allegations of paragraph 41.

42.    The Defendant Falcor admits that the dealership would not take the car back or be responsible for repairs.

43.    The Defendant Falcor admits that it denied liability for the reported transmission problem. However, Defendant Falcor referred the Plaintiff to a repair shop which was willing to perform the repair at dealer prices and also informed the Plaintiff that he could defer payments for the automobile while he was making payments for the repair of the transmission.

44.   The Defendant Falcor is without knowledge of the allegations of paragraph 44 and therefore leaves the Plaintiff to his proof.

45.   The Defendant Falcor is without knowledge of the allegations of paragraph 45 and therefore leaves the Plaintiff to his proof.

46.   The Defendant Falcor is without knowledge of the allegations of paragraph 46 and therefore leaves the Plaintiff to his proof.

47.   The Defendant Falcor denies the allegations of paragraph 47.

## COUNT I

## TILA

48.   The Defendant Falcor repeats its responses to paragraphs 1-48 and incorporates them in response to Count I.

49.   The Defendant Falcor denies the allegations of paragraph 49.  The Defendant Falcor asserts that it made all disclosures which are required.

50.   The Defendant Falcor denies the allegations of paragraph 50.

## COUNT II

## LEMON LAW

51.   The Defendant Falcor repeats its responses to paragraphs 1-50 and incorporates them in response to Count II.

52.   The Defendant Falcor denies the allegations of paragraph 52.

53.   The Defendant Falcor denies the allegations of paragraph 53.

54.   The Defendant Falcor denies the allegations of paragraph 54.

55.   The Defendant Falcor denies the allegations of paragraph 55.

56.   The Defendant Falcor denies the allegations of paragraph 56.

## COUNT III

Page 5

## CHAPTER 93A

57.    The Defendant Falcor repeats its responses to paragraphs 1-57 and incorporates them in response to Count III.

58.    The Defendant Falcor denies the allegations of paragraph 58.

59.    The Defendant Falcor neither admits nor denies the allegations of paragraph 59 which calls for a legal conclusion, and leaves the Plaintiff to his proof. The Defendant Falcor denies that the Plaintiff is entitled to recover under chapter 93A of the Massachusetts General Laws.

60.    The Defendant Falcor denies the allegations of paragraph 60.

61.    The Defendant Falcor denies the allegations of paragraph 61.

## COUNT IV

### Express Warranties

62.    The Defendant Falcor repeats its responses to paragraphs 1-62 and incorporates them in response to Count IV.

63.    The Defendant Falcor denies the allegations of paragraph 63.

64.    The Defendant Falcor denies the allegations of paragraph 64.

## COUNT V

### Implied Warranties

65.    The Defendant Falcor repeats its responses to paragraphs 1-64 and incorporates them in response to Count V.

66.    The Defendant Falcor denies the allegations of paragraph 66.

67.    The Defendant Falcor denies the allegations of paragraph 67.

## COUNT VI

### Fraud

68.    The Defendant Falcor repeats its responses to paragraphs 1-68 and incorporates them in response to Count VI.

69.    The Defendant Falcor denies the allegations of paragraph 69.

70.    The Defendant Falcor denies the allegations of paragraph 70.

## COUNT VIII

### Negligence

71.    The Defendant Falcor repeats its responses to paragraphs 1-71 and incorporates them in response to COUNT VIII.

72.    The Defendant Falcor denies the allegations of paragraph 72.

73.    The Defendant Falcor denies the allegations of paragraph 73.

### THIRD DEFENSE

By way of affirmative defense, the Defendant Falcor states that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

By way of affirmative defense, the Defendant Falcor states that this court lacks jurisdiction over the Plaintiff's state law claims over which jurisdiction properly rests with the courts of the Commonwealth of Massachusetts.

### FIFTH DEFENSE

By way of affirmative defense, the Defendant Falcor states that the Plaintiff's claims should fail for failure to obtain service of process.

### SIXTH DEFENSE

By way of affirmative defense, the Defendant Falcor states that the Plaintiff is barred by his own

conduct from recovering from the Defendants.

## SEVENTH DEFENSE

By way of affirmative defense, the Defendant Falcor states that the Plaintiff failed to deliver a letter which met the requirements of chapter 93A of the Massachusetts General Laws at least thirty days prior to commencing this action which is a condition precedent to recovering damages under section 2 of chapter 93A of the Masssachusetts General Laws.

## EIGHTH DEFENSE

By way of affirmative defense, the Defendant Falcor states that any amount awarded to the Plaintiff, if any, should be reduced by $2450.00 which is the balance of the amount which the Plaintiff owes on his contract with the Defendant. The Plaintiff made one payment of $50.00 after making a down payment of $500.00 and has made no payments since then.

WHEREFORE THE DEFENDANT FALCOR AUTO SALES, INC. PRAYS THAT THIS THIS COURT DISMISS THE PLAINTIFF'S COMPLAINT, WITH COSTS.

## COUNTERCLAIM

1. The Plaintiff-in-Counterclaim is Falcor Auto Sales, Inc. (hereinafter "Falcor"), a Massachusetts corporation having a place of business at 373 Springfield Street, Agawam, Hampden County, Massachusetts.

2. The Defendant-in-Counterclaim is David Therrien, an individual who resides at 2 Gary Place, Feeding Hills, Hampden County, Massachusetts.

3. On or about September 26, 2003, Falcor and David Therrien entered into a contract for valuable consideration for the purchase of a used motor vehicle for $3000.00.

4. David Therrien paid $500.00 to Falcor and promised to pay $50.00 per week thereafter, commencing October 6, 2003.

5.    Falcor duly performed the terms and conditions of the contract.

6.    David Therrien breached the contract by failing to make payments as promised after an

      initial payment of $50.00.

7.    Falcor has made demand for performance, but David Therrien has neglected and refused

      to comply.

WHEREFORE Falcor Auto Sales, Inc. prays this Honorable Court to enter judgment against

David Therrien for the unpaid balance of the contract with interest, costs and attorney fees

thereon.

                                        The Defendant
                                        Falcor Auto Sales Inc. by its attorney


                                        Mary Anne Stamm, Esquire
                                        HARE, STAMM, DAYS & HARRIS, P.A.
                                        Sovereign Bank Building, Suite 1000
                                        1350 Main Street
                                        Springfield, MA   01103
                                        BBO# 548785
                                        Tel 413 731-5800
                                        Fax 413 732-5828


### CERTIFICATE OF SERVICE

I, certify that a copy of the foregoing has been served on the plaintiff in this action by mailing a copy via
first class mail to Attorney Jason David Fregeau, 47 Lincoln Road, Longmeadow, MA   01106 on March
31, 2004.

                                        Mary Anne Stamm


Page 9